United States Court of Appeals
Fifth Circuit

**F I L E D**

**June 30, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 05-60653
Summary Calendar

JAVIER MORENO-ALVARADO,

Petitioner,

versus

ALBERTO R. GONZALES, U.S. ATTORNEY GENERAL,

Respondent.

--------------------
Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A77 533 640
--------------------

Before JONES, Chief Judge, and WIENER and DeMOSS, Circuit Judges.

PER CURIAM:[*]

Mexican citizen Javier Moreno-Alvarado (Moreno) petitions for review of the decision of the Board of Immigration Appeals directing his removal and denying his application for adjustment of status. Moreno contends that the Immigration Judge (IJ) erred when he determined that the exception from counting time spent in the United States for minors contained in 8 U.S.C. § 1182(a)(9)(B)(iii)(I) was inapplicable to § 1182(a)(9)(C), the subsection governing his case, and that the IJ's interpretation of the relevant statutory sections violated the Equal Protection

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Clause.

The plain meaning of the language of § 1182(a)(9)(B)(iii)(I) limits its application to § 1182(a)(9)(B)(i). See United States v. Ron Pair Enters., Inc., 489 U.S. 235, 242 (1989). Section 1182(a)(9)(C) has an exceptions provision, and it does not include any exception for minors. See § 1182(a)(9)(C)(ii). Additionally, "expressio unius est exclusio alterius--'the expression of one thing implies the exclusion of another.'" See Thompson v. Goetzmann, 337 F.3d 489, 499 (5th Cir. 2003).

Moreover, we have distinguished § 1182(a)(9)(B) and § 1182(a)(9)(C), noting that § 1182(a)(9)(C) applies to more culpable conduct than does the other provision. Mortera-Cruz v. Gonzales, 409 F.3d 246, 255-56 (5th Cir.), cert. denied, 126 S. Ct. 733 (2005). Additionally, the Ninth Circuit has determined that, although the phrase "unlawful presence" has the same general meaning in both subsections, it would not "automatically presume that the waiver provisions are also incorporated, particularly where they are contained in separate provisions and not within the definition itself." Acosta v. Gonzales, 439 F.3d 550, 557 (9th Cir. 2006).

Finally, the distinction that we noted in Mortera-Cruz provides a legitimate governmental interest in limiting the exceptions relevant to § 1182(a)(9)(C). Moreno thus has failed to show a violation of the Equal Protection Clause.

2

**PETITION DENIED.**